### W. B. WORSHAM ET AL. v. J. C. DYER ET AL.

#### Decided April 21, 1906.

**County Depositories—Act Construed.**

Under the provisions of the Act of the Twenty–ninth Legislature, page 392, authorizing the selection of county depositories for county funds, when no bid is submitted for the entire amount of the county funds, the Commissioners' Court has the authority to select a depository for a portion of the county funds, the bid of such depository being for a part only of such funds, and in other respects in compliance with the law.

Appeal from the District Court of Clay County. Tried below before Hon. A. H. Corrigan.

*R. E. Taylor* and *H. A. Allen,* for appellants.

*J. H. Barwise, Jr.,* and *W. T. Allen,* for appellees.

SPEER, ASSOCIATE JUSTICE.—W. B. Worsham, W. H. Featherston, and J. D. Stine filed an application for injunction against J. C. Dyer, county treasurer of Clay County, S. A. Denny, county judge, and J. W. Hardin, W. B. Corlett, M. Gilbert and J. K. Gault, county commissioners respectively, and the Merchants and Planters Bank of Henrietta, to restrain the county officers from turning over $30,000 of the county funds to the Merchants and Planters Bank of Henrietta, upon the ground that the action of the Commissioners' Court in the matter of selecting the Merchants and Planters Bank as a depository of the county funds to the extent of the amount named was illegal and void, and that for the county treasurer to obey its order and deposit said funds in said bank would be to jeopardize the same and inflict injury on the petitioners, who are citizens and taxpayers in the county and bondsmen as well on the county treasurer's official bond. There was a trial before a jury, but the district judge instructed a verdict for the defendants upon which judgment was entered in their favor, and the plaintiffs have appealed.

Whether or not appellants have any cause of complaint against the action of the Commissioners' Court of Clay County in awarding $30,000 of the county funds to appellee, the Merchants and Planters Bank, involves a construction of the Act of the Twenty-ninth Legislature,

page 392, authorizing the selection of county depositories for the county funds. The first section relating to county depositories (section 20 of the Act) authorizes the commissioners at stated times to receive proposals from bankers to act as the depository of the funds of such county, and provides for the advertisement for such bids. The next section declares how such bids shall be prepared and requires that the same shall be accompanied by a certified check as a guarantee of good faith on the part of the bidder. The next section prescribes the procedure for opening such bids, and makes it the duty of the Commissioners' Court "to select as the depository of all the funds of the county, the banking corporation, association or individual banker, offering to pay the largest rate of interest per annum for said fund; provided the Commissioners' Court may reject any and all bids;" it prescribes the method of computing the interest, directs the fund to which the same shall be credited, and authorizes the return of the checks of bidders whose bids have been rejected. The next succeeding section prescribes the time within which the successful bidder shall make bond, and that "said bond shall in no event be for less than the total amount of revenue of such county for the entire two years for which the same is made," and some other provisions not necessary here to notice. Section 24 makes it the duty of the county treasurer, immediately upon the making of an order selecting such county depository, to transfer to said depository all the funds belonging to said county and thereafter to deposit the funds of the county with such depository, and prescribes a penalty in favor of the depository for his failure to do so. Sections 25 and 26 we quote in full:

"Section 25. If for any reason there shall be submitted no proposals by any banking corporation, association or individual banker to act as county depository, or in case no bid for the entire amount of the county funds shall be made, or in case all proposals made shall be declined, then in any such case the Commissioners' Court shall have the power, and it shall be their duty, to deposit the funds of the county with any one or more banking corporations, associations, or individual bankers in the county or in adjoining counties, in such sums and amounts and for such periods of time as may be deemed advisable by the court, and at such rate of interest, not less than one and one-half percent per annum, as may be agreed upon by the Commissioners' Court and the banker or banking concern receiving the deposit, interest to be computed upon daily balance due the county treasurer; and any banker or banking concern receiving deposits under this section shall execute a bond in the manner and form provided for depositories of all the funds of the county, with all the conditions provided for same, the penalty of said bonds to be not less than the total amount of county funds to be deposited with such banker or banking concern."

"Section 26. When the funds of any county shall be deposited with two or more depositories, the Commissioners' Court shall select and name by order one of said depositories to act as a clearing house for the others, at which all county warrants shall be finally paid."

The undisputed evidence shows that on the day provided by law for the selection of county depositories, the Commissioners' Court of Clay County met and opened the bid of appellee Merchants and Planters Bank, which was the only bid before it, and selected that bank as the

depository for county funds to the amount of $30,000 upon its bid to act as county depository for such amount of its funds, and required it to execute a bond properly conditioned in the sum of $40,000, which it had agreed to do in its bid. The insistence of appellants is that any attempt to select a county depository for an amount of the county funds less than the whole is unauthorized by law and void; but the most casual reading of section 25 above quoted discloses that the Legislature has provided in cases such as here, where there is no bid for the entire amount of the county funds, as well as in some other cases, the Commissioners' Court have the power, and it is made their duty, to deposit the funds of the county in such sums and amounts and for such periods of time as may be deemed advisable by the court, and at such rate of interest, not less than one and one-half percent per annum, as may be agreed upon by the parties. There being absolutely no other bid before the court than the Merchants and Planters Bank's bid, and that being for a part only of the funds, the Commissioners' Court had full power, and it was their official duty, if they deemed it advisable, to award to this bank the sum of money bid for upon the rate of interest bid, which was in excess of the minimum prescribed by the Act. If there remained any doubt of the power of the Commissioners' Court to deposit a part only of the county funds with a given depository, it disappears entirely when the provisions of section 26 are examined, for that section not only contemplates this very condition of affairs, but provides that the Commissioners' Court shall select one of the "two or more depositories," to act as a clearing house for the others.

There remains only to be considered the question of what effect should be given to appellant's allegations of fraud on the part of the Commissioners' Court in making the award to the bank it did. It is, of course, sufficient to say there is not the slightest evidence in the record to support these allegations. But the allegations themselves fall short of making a case, for it is nowhere asserted that appellee, the Merchants and Planters Bank, was a party to such fraud, and it is difficult to understand how it could be denied the fruits of a legitimate contract entered into with the county through its Commissioners' Court, when it was itself entirely free from the charge of fraud in procuring the contract.

Upon the undisputed facts the district judge properly directed a verdict in favor of appellees, and his judgment is in all things affirmed.

*Affirmed.*

Writ of error refused.